**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES MARK ROUSSEAU, | No. 09-71587 |
| Petitioner, | Agency No. A096-356-454 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Charles Mark Rousseau, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Rousseau established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Accordingly, his asylum claim fails.

The record does not compel the conclusion that Rousseau's experiences with militant Muslims and the Indonesian police, cumulatively considered, rise to the level of persecution. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) (Eritrean government's seizure of father's business, along with some degree of social ostracism, did not rise to the level of persecution); *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents suffered by ethnic Chinese petitioner in Indonesia, considered in the aggregate, did not amount to persecution). Further, even under a disfavored group analysis, the record does not compel the conclusion that Rousseau established a clear probability of persecution, because he did not demonstrate sufficient individualized risk. *See Halim*, 590 F.3d at 977-80; *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need

to adduce a considerably larger quantum of individualized-risk evidence").

Accordingly, Rousseau's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Rousseau failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

09-71587